# Exhibit A

11/3/2020

# Johnson County Kansas District Court

**CASE NO   20CV04156   EDGIN vs. BLUE VALLEY USD 229 ET AL**
**Div/Judge   2/JAMES F VANO**
**Chapter   60**
**Nature   OTHER TORT (60)**
**Status   PENDING**

10/02/2020 PETITION AND SUMMONS ISSUED TO ATTORNEY FOR CERTIFIED MAIL "LYDIA MESSENGER" E/S

10/02/2020 PETITION AND SUMMONS ISSUED TO ATTORNEY FOR CERTIFIED MAIL "BLUE VALLEY USD 229" E/S

10/02/2020 FILE STAMP 10/01/20 05:06pm, REQUEST AND SERVICE INSTRUCTION FORM

10/02/2020 FILE STAMP 10/01/20 05:06pm, REQUEST AND SERVICE INSTRUCTION FORM

10/02/2020 FILE STAMP 10/01/20, PETITION

10/02/2020 JUDGE JAMES F VANO ASSIGNED TO CASE

10/02/2020 NEW CASE E-FILED; EDGIN VS BLUE VALLEY USD 229; FILING FEE $196.50; PAID BY DOVE,
        CHRISTOPHER STEVEN, RECEIPTED AMOUNT $196.50, E-PAYMENT NO: 94805948

20CV04156
Div2

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

| | |
|---|---|
| **SPENCER EDGIN, on behalf of his minor daughter, I.E.** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **BLUE VALLEY USD 229** | ) |
| **Serve:** Ms. Sarah Vaughn | ) |
| Board Clerk | ) |
| Blue Valley USD 229 | ) |
| 15020 Metcalf Ave. | ) |
| Overland Park, KS 66223 | ) |
| | ) |
| **And** | ) |
| | ) |
| **LYDIA MESSENGER** | ) |
| **Serve:** 15201 Monrovia | ) |
| Overland Park, KS 66221 | ) |
| | ) |
| **Defendants.** | ) |

### PETITION

Plaintiff Spencer Edgin, on behalf of his minor daughter I.E., by and through counsel of record, for their demand for damages against Defendants Blue Valley USD 229 and Ms. Lydia Messenger, state as follow:

### Parties, Jurisdiction, and Venue

1.    Spencer Edgin represents his minor daughter, I.E.[1] ("I.E." or "Plaintiff") who is a resident of the State of Kansas.

2.    Defendant Blue Valley USD 229 ("Blue Valley" or "School District") is a Kansas school district located at 15020 Metcalf Ave, Overland Park, Kansas 66223.  Morse

---

[1] Due to the nature of the allegations and damages suffered, Plaintiff seeks to protect her identity and pursue her claims through the use of her initials.

Elementary School ("Morse") is an elementary school of the Defendant School District. The School District is a governmental entity created to provide public education to children within its boundaries.

3.      Defendant Lydia Messenger ("Messenger") is a teacher at Morse. Defendant Messenger is being sued in her individual and official capacity.

4.      This Court has jurisdiction over this action pursuant to K.S.A. § 20-301 because this Court has original jurisdiction over all civil and criminal matters unless otherwise proved by law.

5.      Venue is proper under K.S.A. § 60-603 because the events giving rise to this action occurred in this judicial district.

6.      On November 14, 2019, Plaintiff served notice as required under the Kansas Tort Claims Act.

## **GENERAL ALLEGATIONS**

7.      I.E. was a student at Morse during the 2018-2019 school year.

8.      Prior to her enrollment in Morse, I.E. was diagnosed with specific disabilities that required the District to create an Individual Educational Plan ("IEP") for I.E.

9.      I.E.'s parents and the District worked together to create the plan with the intent to reevaluate it when necessary.

10.      In November of 2018, an incident occurred between I.E. and another male student. The school reported to I.E.'s parents that I.E. had kissed the male student.

11.      I.E.'s parents found this strange as it was inappropriate, completely out of line of what they had taught I.E. at home, and is nothing that had been encountered in the past.

*Clerk of the District Court, Johnson County Kansas*
*10/01/20  05:06pm NG*

12.     I.E.'s parents also informed the school that they noticed in the weeks leading up to this event a change in I.E.'s behavior.

13.     After being informed of the event, I.E.'s parents contacted the school in December and informed them of concerns about changes in I.E.'s behavior that continued to be noticed.

14.     Specifically, I.E. seemed anxious and hesitant to go to school, but it was also close to the holidays and Winter break.

15.     When school resumed in January, I.E. contracted influenza A and stayed home from school.

16.     When she stayed home from school, I.E. opened up to her mother and explained she did not want to go back to school because she was being bullied by the same boy that kissed her in November.

17.     Specifically, she explained he was keeping her from playing with her friends and was threatening other kids if they played with her.

18.     As a result of this information, I.E.'s parents requested a meeting with the school.

19.     On January 22, 2019, I.E.'s parents attended a meeting to inform the school of how I.E. was being treated by this boy and to come up with a plan on how to stop it.

20.     During the meeting, it appeared to I.E.'s parents that none of the school members present were surprised by what they were being told and they acknowledged that they all noticed something going on with how the boy treated I.E.

21.     Despite this meeting, nothing was done to prevent the boy from continuing his inappropriate actions toward I.E.

*Clerk of the District Court, Johnson County Kansas*
*10/01/20  05:06pm NG*

22.     In fact, on March 27, 2019, I.E.'s parents informed the school that the boy kissed I.E. multiple times. Additionally, I.E.'s parents informed the school that over the past weeks I.E. rejected multiple attempts by the boy to kiss her.

23.     When asked about the event, I.E. confessed to a kiss but explained the boy threatened I.E. that he would not invite her to his birthday party and not be his friend if she did not kiss him.

24.     I.E. further confessed that she thought she was his friend and did not want to get in trouble for not kissing him.

25.     The next week, the boy, after seeing I.E. talking to other kids, cornered I.E. and threatened to punch her in the face.

26.     On April 10, 2019, I.E.'s parents requested a meeting with the school representatives to once again address the physical and psychological harm this boy wass inflicting on I.E.

27.     On April 15, 2019, I.E.'s parents meet with staff and Morse Principal Steve Vandemark ("Vandemark") to discuss the threat, continued bullying and prior inappropriate acts.

28.     During the meeting, Vandemark claimed to be wholly unaware of the prior problems – despite the prior meetings with other staff.

29.     Vandemark admitted this is a problem that needed to be addressed.

30.     At the end of the meeting, the parties all resolved that I.E. and the boy would be kept away from each other with the help of paraprofessionals to supervise there would be no interactions.

31.     Vandermark also informed I.E.'s parents that he was going to immediately address the issue with the boy right after the meeting.

*Clerk of the District Court, Johnson County Kansas*
*10/01/20  05:06pm NG*

32.     Despite the plan to keep the boy distanced from I.E., on May 13, 2019, I.E. reported to her parents that the boy keeps following her at recess and asks to play with her, promising to be nice.

33.     A few days later the boy approached I.E. and squeezed her arm during recess.

34.     On May 20, 2019, I.E.'s mother visited her class and stayed for lunch. During her visit, she witnessed the boy make attempts to speak with I.E.

35.     Then on May 21, 2019, despite the school being on notice of the need to separate these children and use paraprofessionals to monitor and prevent any interactions, the boy sexually assaulted I.E.

36.     More specifically, the boy (who sat away from other students) attempted to get I.E.'s attention by waiving at her and fake whispering in an effort to get I.E. to come to his desk.

37.     After repeated efforts, the boy realized I.E. would not come to his desk.

38.     Then, without any supervision on either of them, despite the fact that they were in a classroom with other students, the boy walked over to I.E.'s desk.

39.     When he arrived at I.E.'s desk, the boy told I.E. to stand up.

40.     She stood up and then the boy kissed I.E. and pulled his own pants down.

41.     He directed I.E. to pull her pants down.

42.     Initially, I.E. said no, but he threatened her by saying if she did not pull them down, he would make her pull them down.[2]

43.     Due to the threat, I.E. pulled down her pants.

---

[2] I.E.'s parents have subsequently come to learn that the boy had been trying to convince I.E. that pulling down pants is very funny and he had been asking I.E. to do it for weeks.

*Clerk of the District Court, Johnson County Kansas*
*10/01/20  05:06pm NG*

44.     The boy then physically touched I.E.'s vagina and demanded she touch his penis.

45.     I.E. once again said no, but he again threatened her saying if she did not touch his penis he would make her touch his penis.

46.     I.E. complied with the demand.

47.     They both then began pulling their pants up when they were spotted by Defendant Messenger.

48.     Both I.E. and the boy were pulled out of class and interrogated about the event together.

49.     I.E. was then taken to another room, where Vandemark and another staff member interrogated her.

50.     Despite this traumatic event, nobody contacted I.E.'s parents.

51.     Instead, they waited for I.E.'s mother to come pick her up from school.

52.     When I.E.'s mother arrived at school, Vandemark asked her to pull out of the pickup line and come into the school. He said to I.E.'s mother "It's bad. It's really bad."

53.     I.E.'s mother did as requested and when she entered the school she first found her son scared and confused about what was going on and did not know where I.E. was.

54.     She told him she did not know what was occurring, but they would figure it out.

55.     I.E.'s mother was then taken into a room by Vandermark.

56.     I.E. was in the room along with a school counselor, Ms. Jennifer Mulholland.

*Clerk of the District Court, Johnson County Kansas*
*10/01/20  05:06pm NG*

57.     I.E.'s mother was then informed, in front of I.E., that I.E. was there because she was caught with the boy and when interrogated on her own, she told a different story than the boy.

58.     I.E.'s mother immediately contacted I.E.'s father who rushed to the school.

59.     Upon the arrival of I.E.'s father, the school officials began to repeat the story once again in front of I.E.

60.     I.E. became excessively anxious at this point and her parents asked to put her in a room with her brothers.

61.     I.E.'s parents informed the staff that I.E. had never displayed any of these characteristics at home and reiterated the boy was physically and verbally aggressive towards I.E.

62.     I.E. was kept home from school the next day.

63.     Immediately after the events, I.E. began showing signs of fear and anxiety.

64.     Specifically, I.E. seemed anxious, she began to constantly suck on her thumb, she had sudden and unexplained outbursts of crying, and she would simply shut down when faced with difficult tasks or situations.

65.     After the event, it was finally hotlined and investigated.

66.     As a result of the event, I.E.'s parents wanted to provide the safest environment for I.E. while, at the same time, continue her education.

67.     It was based upon this desire that they met with Vandemark and Mullholland on June 12, 2019 to come up with a safety plan for I.E.

68.     All the parties in the meeting agreed it was not sufficient to simply secure I.E.'s safety because that was the prior plan that failed.

*Clerk of the District Court, Johnson County Kansas*
*10/01/20  05:06pm NG*

69.     I.E.'s parents requested she stay in the school and for the boy to be transferred to another school.

70.     I.E.'s parents left the meeting with the understanding that Vandemark would pursue, with the District, keeping I.E. in the school and the boy would no longer attend her school.

71.     After the meeting, I.E's parents contacted Vandermark to get confirmation the boy was gone and I.E. could come back to Morse in the Fall.

72.     Vandermark advised them that the boy would be coming back to Morse in the Fall.

73.     As a result, I.E.'s parents contacted administrators in the district to escalate the demand.

74.     The administrators ultimately refused to deny the boy access to Morse and suggested yet a new safety plan as a method to keep the children apart.

75.     Based upon the complete failure to follow the prior safety plan, I.E.'s parents were forced to transfer I.E. to a different school in the district.

76.     As a result of the events and the inability to continue going to Morse, I.E. has suffered significant damages.

77.     I.E. has been treated for PTSD and anxiety as a result of the events.

78.     I.E. has shown signs of guilt and sorrow because she was blamed for the events.

79.     All of this should have and could have been avoided if Defendants followed their written procedures, properly evaluated the threat to I.E., were properly trained to comprehend and respond to inappropriate grooming tendencies, and properly supervised the students in their care.

*Clerk of the District Court, Johnson County Kansas*
*10/01/20  05:06pm NG*

### *Laws, Policies, and Defendants' Response*

80.     Defendants have supervision and control over its students and owe them a duty of care to protect them from harm, including sexual assault.  This duty extends to protect students from assault from all persons, not just employees, agents and contractors, but to any person present in the school at any time and for any reason.

81.     Under Kansas law, teachers, administrators, and employees of educational institutions are mandated reporters that have a duty and obligation to hotline any suspected child abuse or sexual assault.

82.     School District policy prohibits sexual harassment.

83.     According to School District policy, sexual harassment will not be tolerated in the school district.

84.     According to School District policy, sexual harassment of a student is strictly prohibited.

85.     According to School District policy, all forms of sexual harassment are prohibited at school, on school property, and at all school-sponsored activities, programs or events.

86.     According to School District policy, sexual harassment of a student or person associated with the school by another student is prohibited, whether or not the harassment occurs on school grounds.

87.     According to School District policy, sexual harassment shall include, but not be limited to, unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature.

88.     According to School District policy, sexual harassment can occur through verbal or physical conduct or written or graphic material.

*Clerk of the District Court, Johnson County Kansas*
*10/01/20  05:06pm NG*

89.     According to School District policy, sexual harassment may include, but is not limited to, verbal harassment or abuse, pressure for sexual activity, repeated remarks to a person with sexual or demeaning implication, or unwelcome touching.

90.      According to School District policy, complaints of sexual harassment will be promptly investigated and resolved.

91.     According to School District policy, the School District will take prompt, remedial action to prevent the reoccurrence of sexual harassment.

92.     Blue Valley knew, or should have known, that the boy was improperly treating I.E. and grooming her for a sexual assault as a result of his actions relating to I.E. that were directly reported to Blue Valley.

93.     Despite this knowledge Defendants allowed the boy to remain in the presence of I.E, unsupervised.

94.     And as a result I.E. was sexually assaulted.

## COUNT I
## VIOLATION OF TITLE IX, 20 U.S.C. §§ 1681 *et seq.*, BY DEFENDANT DISTRICT

95.     Plaintiff incorporates each and every allegation contained in the prior paragraphs and make the same a part hereof as if fully set forth herein.

96.     Defendant does and has received Federal financial assistance and received such assistance throughout the period that I.E. was a student.

97.     Defendant provides educational programs and services to its students.

98.     Title IX prohibits sexual harassment and sexual assault of students of the School District.

99.     I.E. was sexually assaulted at Blue Valley.

*Clerk of the District Court, Johnson County Kansas*
*10/01/20  05:06pm NG*

100.    The sexual assault of I.E. was so severe, pervasive, and objectively offensive that it effectively deprived her of access to educational benefits and/or opportunities provided by Defendant.

101.    Defendant had the authority to take corrective measures to prevent the sexual assaults of I.E. and had actual or constructive knowledge of the boy's prior harassment, including the physical sexual harassment in the form of touching and kissing I.E.

102.    Subsequent to the sexual assault, Blue Valley continued to owe I.E. the right to an education free of an abuser and fear of further assaults.

103.    Rather than provide what was necessary, Blue Valley left I.E. with no choice but to switch schools for fear of facing the boy on a daily basis at Morse.

104.    Defendant acted with deliberate indifference by failing to enforce policies, and by failing to protect I.E.

105.    The acts, omissions, conduct, and behavior of Defendant has caused I.E. to suffer physical injury, humiliation, anxiety, embarrassment, and emotional pain and suffering.

106.    Also, as a result of the acts, omissions, conduct, and behavior of Defendant, I.E. was deprived of the education and/or opportunities to which she is entitled as a student.

107.    Plaintiff is entitled to recover from Defendant her reasonable attorneys' fees and expenses according to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor against Defendant School District for compensatory damages, for attorneys' fees and

*Clerk of the District Court, Johnson County Kansas*
*10/01/20  05:06pm NG*

expenses according to 42 U.S.C. § 1988(b), for costs, and for such other and further relief as it deems fair and equitable in the circumstances.

## COUNT II
## VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT DISTRICT FOR DENIAL OF I.E.'S SUBSTANTIVE RIGHTS UNDER THE 14TH AMENDMENT – UNCONSTITUTIONAL POLICY, CUSTOM, PRACTICE

108.     Plaintiff hereby incorporates by reference the prior allegations as if fully set forth herein.

109.     School District, through its employees, who were acting under color of law in their capacities as employees of the School District, deprived I.E. of her rights under the 14th Amendment to the Constitution of the United States to equal protection under the law and of her liberty interest in bodily integrity.

110.     Defendant failed to adequately respond to known instances of sexual harassment and abuse against her.

111.     Defendant's failure to adequately respond reflects a reckless disregard for or deliberate indifference to the rights of students.

112.     Defendant has and had an obligation to respond to known instances of sexual harassment and assault in order to protect the other children in the School District.

113.     Defendant's acts of failing to adequately respond following known acts of sexual assault and sexual misconduct by the boy represents a continuing and persistent pattern of unconstitutional conduct that was known to Defendant.

114.     Defendant's failure to correct this custom, usage, pattern, or practice represents a deliberate indifference to I.E.'s rights.

115.     Defendant's failure was the actual and proximate cause of constitutional deprivations and sexual assault against I.E.

116.     As a direct and proximate result of Defendant's deliberate indifference to known acts of constitutional deprivation, I.E. suffered damages in the following ways, including but not limited to: damages for her denial of access to an educational environment free from sexual harassment and abuse; damages suffered in the form of past, present, and future physical, psychological and emotional pain and suffering, mental anguish and loss of enjoyment of life; past, present, and future medical expenses for physical, emotional, and mental health.

117.     Plaintiff is entitled to recover attorneys' fees and expenses according to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor against Defendant School District for compensatory damages, for attorneys' fees and expenses according to 42 U.S.C. § 1988(b), for costs, and for such other and further relief as it deems fair and equitable in the circumstances.

<u>**COUNT III**</u>
**VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT DISTRICT FOR DENIAL OF I.E.'S SUBSTANTIVE RIGHTS UNDER THE 14TH AMENDMENT – FAILURE TO TRAIN AND SUPERVISE**

118.     Plaintiff hereby incorporates by reference the prior allegations as if fully set forth herein.

119.     School District, through its employees, who were acting under color of law in their capacities as employees of the School District, deprived I.E. of her rights under the 14th Amendment to the Constitution of the United States to equal protection under the law and of her liberty interest in bodily integrity.

120.     Defendant failed to adequately train its employees and/or members in the appropriate manner to report, investigate and respond to inappropriate sexual acts between

students, adequate forms of communications and the handling and proper investigation of allegations of sexual harassment and abuse.

121.    Defendant's failure to train reflects a reckless disregard for or deliberate indifference to the rights of students such that the inadequate training or supervision represents no policy.

122.    The implementation of training and measures to protect school children from sexual assault is a necessity to prevent the recurrence of sexual assault, resulting in the violation of students' constitutional rights.

123.    Defendant's acts of failing to teach the appropriate manner to report, investigate and respond to inappropriate sexual acts between students and manner to investigate and protect students following acts of sexual assault and sexual misconduct represents a pattern of unconstitutional conduct that was known to District.

124.    Defendant's failure to correct this pattern represents a deliberate indifference to I.E.'s rights.

125.    Defendant's acts of failing to teach the appropriate manner to report, investigate and respond to inappropriate sexual acts between students and policy of failing to adequately train and supervise was the actual and proximate cause of constitutional deprivations and sexual assault against I.E.

126.    As a direct and proximate result of Defendant's deliberate indifference to known acts of constitutional deprivation, I.E. suffered damages in the following ways, including but not limited to: damages for her denial of access to an educational environment free from sexual harassment and abuse; damages suffered in the form of past, present, and future physical, psychological and emotional pain and suffering, mental anguish and loss of enjoyment of life; past, present, and future medical expenses for

14

physical, emotional, and mental health.

127.    Plaintiff is entitled to recover attorneys' fees and expenses according to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor against Defendant School District for compensatory damages, for attorneys' fees and expenses according to 42 U.S.C. § 1988(b), for costs, and for such other and further relief as it deems fair and equitable in the circumstances.

**COUNT IV**
**VIOLATION OF 42 U.S.C. § 1983 BY ALL DEFENDANTS FOR DENIAL OF I.E.'S EQUAL PROTECTION RIGHTS UNDER THE 14TH AMENDMENT**

128.    Plaintiff hereby incorporates by reference the prior allegations as if fully set forth herein.

129.    Defendants, through its employees, who were acting under color of law in their capacities as employees of the District, deprived I.E. of her rights to equal protection under the Fourteenth Amendment.

130.    I.E.'s right to equal protection under the law was clearly established at all relevant times.

131.    Defendants District and Messenger were aware of I.E.'s right to equal protection under the law to be free of sexual assault, and sexual harassment and failed to take steps to protect those rights.

132.    Defendants were aware of and failed to investigate and remedy the known acts of sexual harassment.

133.    Defendants' failures represent an ongoing and persistent patent of misconduct.

134.    Defendants failure to protect I.E. from known sexual harassment, abuse,

15

and assault constituted a violation of her right from sexual harassment and assault and was the result of discrimination against I.E. based on her gender.

135.    Defendants' breach of their duty resulted in a deprivation of I.E.'s right to equal protection under the law and to be free of sexual assault and harassment.

136.    As a direct result, I.E. was sexually assaulted at Morse.

137.    Defendant' actions were intentional, willful, wanton, and displayed a deliberate, reckless, and callous indifference to I.E.'s federally protected rights.

138.    As a direct and proximate result of Defendants' deliberate indifference to known acts of constitutional deprivation, I.E. suffered damages in the following ways, including but not limited to: damages for her denial of access to an educational environment free from sexual harassment and abuse; damages suffered in the form of past, present, and future physical, psychological and emotional pain and suffering, mental anguish and loss of enjoyment of life; past, present, and future medical expenses for physical, emotional, and mental health; punitive damages to deter Defendants and others from similar conduct in the future.

139.    Plaintiff is entitled to recover attorneys' fees and expenses according to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor against Defendants for compensatory damages, including punitive damages against Defendant Messenger, for attorneys' fees and expenses according to 42 U.S.C. § 1988(b), for costs, and for such other and further relief as it deems fair and equitable in the circumstances.

**COUNT V**
**VIOLATION OF 42 U.S.C. § 1983 BY DISTRICT FOR DENIAL OF I.E.'S LIBERTY INTEREST IN BODILY INTEGRITY UNDER THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT**

140.    Plaintiff hereby incorporates by reference the prior allegations as if fully set forth herein.

141.    Vandemark, during the relevant time period, was an employee of School District, a governmental entity, and acting under the color of law.

142.    Vandemark's actions and omissions impacted I.E.'s rights to a liberty interest in her bodily integrity under the Due Process Clause of the Fourteenth Amendment.

143.    I.E.'s rights to a liberty interest in her bodily integrity, and to be free of sexual assault, and sexual harassment were clearly established at all relevant times

144.    The District was aware of I.E.'s liberty interest in her bodily integrity, and to be free of sexual assault, and sexual harassment and failed to take steps to protect those rights.

145.    The District's conduct, by failing to conduct a reasonable investigation into the boys behavior and conduct against I.E., by failing to take steps to stop the boys behavior and conduct against I.E., by failing to follow policy, and by failing to protect I.E. from the boy despite promises that they would remain apart, placed I.E. at a significant risk of serious, immediate, and proximate harm.

146.    The risk to I.E. was known to Defendant because it had direct knowledge of the boys inappropriate sexual conduct against I.E. when informed of it by I.E.'s parents in a meeting and agreed to take procedures to protect I.E. that, if properly followed, could have and should have protected I.E.

*Clerk of the District Court, Johnson County Kansas*
*10/01/20  05:06pm NG*

147.     Defendant acted recklessly in conscious disregard of and with deliberate indifference to the risk of I.E.'s safety.

148.     As a direct result, I.E. was sexually assaulted at Morse.

149.     Defendant's conduct shocks the conscious.

150.     Defendant's actions were intentional, willful, wanton, and displayed a deliberate, reckless, and callous indifference to I.E.'s federally protected rights such that I.E. is entitled to an award of punitive damages.

151.     As a direct and proximate result of Defendant's deliberate indifference to known acts of constitutional deprivation, I.E. suffered damages in the following ways, including but not limited to: damages for her denial of access to an educational environment free from sexual harassment and abuse; damages suffered in the form of past, present, and future physical, psychological and emotional pain and suffering, mental anguish and loss of enjoyment of life; past, present, and future medical expenses for physical, emotional, and mental health; punitive damages to deter District and others from similar conduct in the future.

152.     Plaintiff is entitled to recover attorneys' fees and expenses according to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor against the District for compensatory and punitive damages, for attorneys' fees and expenses according to 42 U.S.C. § 1988(b), for costs, and for such other and further relief as it deems fair and equitable in the circumstances.

## COUNT VI
## NEGLIGENCE AGAINST DISTRICT AND MESSENGER

153.     Plaintiff hereby incorporates by reference the prior allegations as if fully set

*Clerk of the District Court, Johnson County Kansas*
*10/01/20  05:06pm NG*

forth herein.

154.    Defendants District and Messenger have supervision and control over the students and owe them a duty of care to protect them from harm, including sexual assault.

155.    Several nondiscretionary polices require District and Messenger to investigate and remedy acts of sexual harassment and assault, including:

- It <u>shall</u> be a violation of the sexual harassment policy for any staff or students to sexually harass another student or person associated with the school.

- Complaints or knowledge of sexual harassment <u>will</u> be promptly investigated and resolved.

- The School District <u>will</u> take prompt, remedial action to prevent the reoccurrence of sexual assault or harassment.

156.    Defendants breached their duties when creating a plan that was to be followed that intended to keep the students apart and supervised by paraprofessionals but ignoring the plan that resulted in the boy sexually assaulting I.E.

157.    As a direct and proximate result of Defendant District and Messenger's breach of their duties, I.E. suffered damages in the following ways, including but not limited to: damages suffered in the form of past, present, and future physical, psychological and emotional pain and suffering, mental anguish and loss of enjoyment of life; past, present, and future medical expenses for physical, emotional, and mental health.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor against Defendants District and Messenger for compensatory damages, for attorneys' fees and expenses according to 42 U.S.C. § 1988(b), for costs, and for such other and further

*Clerk of the District Court, Johnson County Kansas*
*10/01/20  05:06pm NG*

relief as it deems fair and equitable in the circumstances

## COUNT VII
## VIOLATION OF AMERICANS WITH DISABILITIES ACT
## AGAINST THE DISTRICT

158.    Plaintiff incorporates each and every allegation contained in the prior paragraphs and make the same a part hereof as if fully set forth herein.

159.    Plaintiff I.E. is entitled to protection from discrimination under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, et. seq.

160.    Under Title II of the Americans with Disabilities Act, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity.

161.    Plaintiff I.E. is a qualified individual with a disability as defined under Title II of the Americans with Disabilities Act.

162.    The District is a public entity as defined under Title II of the Americans with Disabilities Act.

163.    The District has failed in its responsibilities under Title II of the Americans with Disabilities Act to provide its services, programs and activities in a full and equal manner to disabled persons, including failing to ensure that educational services are provided on an equal basis to I.E. and free of an inappropriate and hostile environment toward her disability by refusing to transfer or dismiss the student that sexually assaulted her and, instead, demanding she attend school with him or she transfer schools.

164.    The District has further failed in its responsibilities under Title II of the Americans with Disabilities Act to provide its services, programs and activities in a full and equal manner to I.E. by subjecting her to a hostile educational environment.

*Clerk of the District Court, Johnson County Kansas*
*10/01/20  05:06pm NG*

165.    The acts, omissions, conduct, and behavior of the District have caused I.E. to suffer physical injury, humiliation, anxiety, embarrassment, and emotional pain and suffering.

WHEREFORE, Plaintiff respectfully request the Court enter judgment in her favor against the District for compensatory damages, for attorneys' fees and expenses, for costs, and for such other and further relief as it deems fair and equitable in the circumstances.

<u>**COUNT VIII**</u>
**VIOLATION OF § 504 OF THE REHABILITATION ACT OF 1973
AGAINST THE DISTRICT**

166.    Plaintiff incorporates each and every allegation contained in the prior paragraphs and make the same a part hereof as if fully set forth herein.

167.    Under § 504 of the Rehabilitation Act of 1973, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of any program or activities receiving federal financial assistance.  *See* 29 U.S.C. § 794(a).

168.    Plaintiff I.E. is entitled to protection from discrimination under § 504 of the Rehabilitation Act.

169.    On information and belief, the District receives federal financial assistance, which has been used in part to fund its programs and activities, making the District subject to the requirements of § 504 of the Rehabilitation Act.

170.    By their actions or inactions in denying equal access to educational services and by subjecting I.E. to a hostile educational environment, the District has violated I.E.'s rights under § 504 of the Rehabilitation Act of 1973.

171.     As a result of the District's failure to comply with its duties under the § 504 of the Rehabilitation Act, I.E. has suffered damages in the form of humiliation, anxiety, embarrassment, and emotional pain and suffering.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in her favor against the District for compensatory damages, for attorneys' fees and expenses, for costs, and for such other and further relief as it deems fair and equitable in the circumstances.

### JURY TRIAL

Plaintiff requests a jury trial on all claims so triable.

Respectfully submitted,

**DRZ Law, LLC**

 /s/ Chris Dove
Christopher Dove            KS #21251
8700 State Line Rd., Suite 305
Leawood, Kansas 66206
P: (913) 400-2033
F: (833) 340-0437
chris@drzlawfirm.com

ATTORNEYS FOR PLAINTIFF

*Clerk of the District Court, Johnson County Kansas*
*10/01/20  05:06pm NG*

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT


SPENCER EDGIN

                    Plaintiff                    Case No: 20CV04156

      vs                                 Division:   2

                                          K.S.A. Chapter 60

BLUE VALLEY USD 229

                    Defendant


REQUEST AND SERVICE INSTRUCTION FORM


To:  Clerk of the District Court:


Please issue a SUMMONS and PETITION in this action for BLUE VALLEY USD 229 whose address for service is:

      15020 METCALF AVE.
      OVERLAND PARK, KS 66223


Certified mail service by the undersigned attorney, who understands that it is their responsibility to obtain service and to make the return to the clerk.  The postal receipt for service must be filed with the Clerk's office to prove service.


                          By: /s/ CHRISTOPHER STEVEN DOVE
                          CHRISTOPHER STEVEN DOVE, #21251
                          8700 STATE LINE ROAD, STE 305
                          LEAWOOD, KS 66206
                          913-400-2033

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT


SPENCER EDGIN

                Plaintiff                   Case No: 20CV04156

      vs                                  Division:   2

                                          K.S.A. Chapter 60

BLUE VALLEY USD 229

                Defendant


REQUEST AND SERVICE INSTRUCTION FORM


To:  Clerk of the District Court:


Please issue a SUMMONS and PETITION in this action for LYDIA MESSENGER whose address for service is:

      15201 MONROVIA
      OVERLAND PARK, KS 66221


Certified mail service by the undersigned attorney, who understands that it is their responsibility to obtain service and to make the return to the clerk.  The postal receipt for service must be filed with the Clerk's office to prove service.


                        By: /s/ CHRISTOPHER STEVEN DOVE
                        CHRISTOPHER STEVEN DOVE, #21251
                        8700 STATE LINE ROAD, STE 305
                        LEAWOOD, KS 66206
                        913-400-2033