IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SPENCER EDGIN, )
on behalf of his minor daughter, I.E., )
 )
                    Plaintiff, )
 )
v. )    Case No. 20-2547-EFM
 )
BLUE VALLEY USD 220, et al., )
 )
                  Defendants. )

## **ORDER**

Plaintiff filed this action on behalf of his minor daughter, I.E, alleging claims under the Fourteenth Amendment, Title IX, the Americans with Disabilities Act, and the Rehabilitation Act of 1973. Defendants have filed a motion (ECF No. 25) to compel a mental examination of I.E. under Fed. R. Civ. P. 35. Plaintiff previously agreed to an examination, but the parties disagree on the terms. For the reasons set forth in this order, defendants' motion is granted in part and denied in part. The court finds the length of the examination to be reasonable and denies the request to videotape it. The court grants plaintiff's request to have one parent attend the examination.

Background

The court will not recite the entire alleged factual history here but recaps the salient facts. I.E. was a six-year-old elementary student in the Blue Valley School District.[1] Her

---

[1] ECF No. 29 at 1.

parents met with school officials in early 2019 to discuss her interactions with a male student, which involved his unwanted kissing and later, inappropriate sexual behavior toward her. The claims in this lawsuit involve defendants' subsequent handling of that matter. Plaintiff alleges I.E. has suffered emotional and psychological damages, including crying, sucking her thumb, and emotional shutdown. I.E. has been treated for post-traumatic stress disorder and anxiety as a result of these events.[2] I.E. is now eight years old.[3]

The parties agree a mental examination of I.E. under Rule 35 is appropriate. But they disagree on the terms of the examination. Specifically, they disagree on three issues: (1) the length of the examination; (2) whether one or both of I.E.'s parents may attend; and (3) whether the examination may be videotaped. The scheduling order, entered on December 15, 2020, provides the deadline to complete all physical or mental examinations as April 23, 2021. Under the scheduling order, the parties are instructed to file a motion regarding any Rule 35 examination sufficiently in advance of that deadline. Defendants seek an order compelling plaintiff to produce I.E. for a mental examination on February 23, March 9, and March 23, by Dr. Lori Schwartz in Kansas City, Missouri. They filed the instant motion on February 12, 2021. The parties have conferred via e-mail and phone multiple times regarding these issues.[4]

---

[2] *Id.*

[3] ECF No. 71 at 4.

[4] ECF No. 26 at 6.

Rule 35 Medical Examination Standard

Rule 35, which governs physical and mental examinations, provides: "The court where the action is pending may order a party whose mental or physical condition … is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Parties have no inherent right to this examination; the court must grant permission.[5] To obtain permission for a mental examination, the moving party must show that 1) the subject's mental condition is in controversy and 2) that good cause exists to conduct the examination.[6] Although defendants must provide more than mere conclusory allegations,[7] the pleadings alone may be sufficient to meet these requirements.[8] Rule 35 also requires the movant to specify the "time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Generally, the court should liberally construe the rule in favor of granting discovery.[9]

Although it gets a bit lost in the briefing, as earlier noted the parties do agree there's good cause for the mental examination generally, due to the nature of the alleged damages in this case. Further, the court has the authority to mandate an examination in cases where

---

[5] *Thiessen v. Gen. Elec. Capital Corp.*, 178 F.R.D. 568, 570 (D. Kan. 1998).

[6] Fed. R. Civ. P. 35(a); *Mayfield v. Harvey Cty. Sheriff's Dep't*, No. 6:14-CV-01307-JTM, 2016 WL 6277704, at *2 (D. Kan. Oct. 27, 2016); *Kankam v. Univ. of Kan. Hosp. Auth.*, No. 07-2554-KHV, 2008 WL 4369315, at *3 (D. Kan. Sept. 23, 2008).

[7] *Thiessen*, 178 F.R.D. at 570.

[8] *Jones v. Greyhound Lines, Inc.*, No. 08-1185-MLB-DWB, 2009 WL 1650264, at *2–3 (D. Kan. June 12, 2009).

[9] *Id.* at 3.

a parent is suing for personal injuries on behalf of a minor.[10]  To the extent plaintiff argues the court can't make *him* participate, the law is clear the court can mandate his assistance in conducting the examination of I.E., even if the court can't (and doesn't intend to) compel the examination of plaintiff himself.  What's disputed are the conditions of the examination.  The party seeking to impose conditions must establish good cause why the court should impose them.[11]  The court should balance the competing considerations and set "such conditions for the examination as are just."[12]

As an initial matter, plaintiff takes issue with the qualifications of Dr. Schwartz.  He argues she is a sex therapist who is focused on sexual dysfunction in adults and isn't qualified to evaluate a child with mental health issues stemming from an alleged sexual assault.[13]  Essentially, plaintiff argues it's unclear how Dr. Schwartz is qualified to perform this evaluation, pointing to the lack of depression and anxiety-related experience on her resume.[14]  In response, defendants cite Dr. Schwartz's declaration that she performs

---

[10] *United States v. Sturdevant*, No. CV 07-2233-KHV-DJW, 2009 WL 10689850, at *3 (D. Kan. July 6, 2009) ("The purpose of the 'person in the custody or under the legal control of a party' language in Rule 35 is to provide a court with a vehicle to order a parent or guardian suing for personal injuries on behalf of a minor to produce the minor for examination.").

[11] *Schumacher v. Hardwoods Specialty Prod., US, LP*, No. 18-4130-HLT-KGG, 2019 WL 3340624, at *1 (D. Kan. July 25, 2019).

[12] *Id.*

[13] ECF No. 29 at 9.

[14] *Id.* at 10.

4

psychological evaluations on children 50-70 times a year and has conducted around 1000 evaluations on children in her career.[15]

Rule 35 doesn't require an independent examiner.[16] "While a defendant may not have an absolute right to choose its examining doctor, the defendant's choice should be respected in the absence of a valid objection."[17] Moreover, plaintiff doesn't formally object to the use of Dr. Schwartz in his response, nor do the e-mail correspondence or docket otherwise reflect an objection or an alternate evaluator. Therefore, the court approves Dr. Schwartz as the examiner and moves to the scope of the examination.

Length of Examination

Defendants have proposed a maximum of six hours for the examination. Dr. Schwartz has determined it'll include the following: "a cognitive instrument; an achievement instrument; a parent and teacher behavior and emotional instruments (two or three of these); a personality inventory; and a semi-structured interview with I.E. and her parents."[18] Defendants cite to Dr. Schwartz's declaration and APA Guidelines discussing the use of multiple sources of information in a psychological evaluation, including interviews with multiple people, self-reporting, third-party reporting, behavior observation,

---

[15] ECF No. 31-1 at 2.

[16] *Schumacher*, 2019 WL 3340624, at *3.

[17] *Id.* (citing *Chrissafis v. Continental Airlines, Inc.*, 1997 WL 534874, at *5 (N.D. Ill. Aug. 21, 1997)).

[18] ECF No. 26 at 7.

5

and review of records.[19] The proposed examination is structured in three two-hour sessions because of I.E.'s age, although Dr. Schwartz has indicated it may take fewer sessions if I.E. completes the testing more quickly.[20]

Plaintiff opposes the length of the exam. Some of the concern relates to the topics; plaintiff believes discussing the alleged sexual assault will be traumatizing. He contends the examination should be limited to one hour and no longer than ninety minutes.[21] Support for this proposal was submitted by declaration of I.E.'s grandmother, Mary Anne Linford, a licensed therapist. Although the court doesn't question the legitimacy of Ms. Linford's credentials, it must note the inherent bias of her recommendation. And, as defendants note, Ms. Linford isn't a psychologist and doesn't represent she's conducted these types of psychological examinations.[22]

Plaintiff generally opposes the scope of the exam and argues defendants haven't shown why this multi-part evaluation is necessary. Defendants argue the length is appropriate based on Dr. Schwartz's experience, and each test serves a specific purpose. Defendants' reply brief details the purpose of each individual component;[23] the court won't repeat them here. Suffice it to say, the court is satisfied with defendants' proffer.

---

[19] ECF No. 31 at 5; ECF No. 31-1.

[20] ECF No. 26 at 7.

[21] ECF No. 29-1 at 1-2.

[22] ECF No. 31 at 9.

[23] *Id.* at 6-7.

6

Defendants have provided sufficient detail about the scope, time, manner, and conditions of the examination.[24]

Six hours isn't inherently excessive.[25] Of course, the court is mindful of the heightened toll of an evaluation on a child. But even with I.E.'s age, six hours, broken up into two-hour chunks, isn't unreasonable.[26] Six hours is the upper limit and may be shortened depending on how quickly the testing goes. Most significantly, plaintiff alleges damages not just for physical injury, but also for "humiliation, anxiety, embarrassment, and emotional pain and suffering."[27] Specifically, plaintiff alleges I.E. has depression, anxiety, and post-traumatic stress disorder related to the alleged assault.[28] Defendants are therefore entitled to an examination to explore these alleged damages and defend against plaintiff's claims. The court denies plaintiff's proposed condition.

---

[24] *Compare Boles v. BNSF Ry. Co.*, No. 08-2554-JWL-GLR, 2009 WL 10709248, at *2 (D. Kan. June 3, 2009) ("[W]hen Rule 35 motions are specific enough to provide general details of the examination, but fail to specify all of the elements as required under Fed. R. Civ. P. 35, the court will leave the specifics to be worked out by the parties."), *with Kankam*, 2008 WL 4369315, where the defendant "provided absolutely no details regarding the scope of the examination, the proposed examiner, or the time, manner, or conditions of the exam.").

[25] *Clancy v. Shanahan*, 2019 WL 1406281, at *4 (D. Kan. Mar. 28, 2019) (agreeing not to limit the examination in duration and allowing up to six hours); *Callahan v. Unified Gov't of Wyandotte Cty./Kansas City Kan.*, No. 11-2621-KHV, 2013 WL 4549158, at *3 (D. Kan. Aug. 28, 2013) (finding a potential eight-hour examination wasn't unreasonable).

[26] *Nicholas v. Wyndham Int'l, Inc.*, 218 F.R.D. 122, 123 (D.V.I. 2003) (allowing a five-hour examination of a minor child in a case involving sexual assault allegations).

[27] *See* ECF No. 1-1.

[28] ECF No. 29 at 9.

7

Parental Attendance

Defendants discuss the other two disputed conditions together – whether a parent may attend and whether the evaluation may be recorded – citing case law that discusses both as "third parties" for the purposes of the evaluation. The court addresses the two conditions separately. As to the attendance of parents, the presumption in this court is that third parties don't have a right to be present at an examination.[29] The intention is to allow "an unimpeded, one-on-one exchange between the doctor and the patient."[30] The presence of a third party is generally thought to turn the examination into a more adversarial process than it should be.[31]

Plaintiff, as the moving party, must show good cause why the court should allow his presence.[32] The parties both point to *Hertenstein v. Kimberly Home Health Care, Inc.*[33] for the relevant factors to evaluate. That case outlines three circumstances where third parties or recordings may be allowed: "(1) fear that the examiner, as a person retained by an opponent, will improperly conduct the examination to obtain admissions or other damaging concessions from the examinee; (2) fear that the examiner will utilize improper, unconventional, or harmful examination techniques; and (3) a need for emotional support

---

[29] *Schumacher*, 2019 WL 3340624, at *3 (citing *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 632 (D. Kan. 1999)).

[30] *Hertenstein*, 189 F.R.D. at 633.

[31] *Id.*

[32] *Schumacher*, 2019 WL 3340624, at *3.

[33] 189 F.R.D. 620, 633 (D. Kan. 1999).

8

or comfort during the examination."[34]  Deciding whether to allow a third party to attend is fact-dependent; the court looks to "whether special circumstances are present which call for a protective order tailored to the specific problems presented."[35]

It appears plaintiff opposes the proposed examination to the extent it requires a parent interview.  But it's unclear why he opposes it, beyond citing case law that it's beyond the court's authority to compel it.  The court agrees Rule 35 doesn't give the court authority to require a person who isn't being examined to provide information to the examiner.[36]  But as a practical matter, plaintiff can't have it both ways – he opposes his own participation, but also relies on it to argue he should be permitted to attend the entire thing.

Although part of the proposed examination involves I.E.'s parents, defendants contend no parent should be permitted to attend the other portions because of the potential for contamination.[37]  Dr. Schwartz represents it's the professional standard to conduct mental examinations one-on-one, even with children.  During the examination, "children may look to their parents for validation or encouragement, may find their parents distracting, or may be sensitive to their parents' feelings or attitudes."[38]  Defendants

---

[34] *Id.* at 630.

[35] *C.F.B. by & through Baker v. Hayden*, No. 16-CV-2645-CM-GLR, 2018 WL 420030, at *1 (D. Kan. Jan. 16, 2018).

[36] *P.S. v. The Farm, Inc.*, No. 07-2210-JWL-DJW, 2008 WL 4198597, at *3 (D. Kan. Sept. 11, 2008).

[37] ECF No. 26 at 10.

[38] *Id.*

propose the possibility that a child may hesitate to offer truthful information in the presence of a parent.[39] Dr. Schwartz has allowed the presence of a third party "only in extremely rare cases when the person being evaluated has what amounts to severe cognitive or behavioral impairments,"[40] which has been in less than one percent of her evaluations.

Plaintiff seems to invoke the first two elements to some degree, arguing broadly that Dr. Schwartz isn't qualified to conduct this examination. Plaintiff insinuates, and nearly argues outright, Dr. Schwartz is likely to obtain damaging information "in an effort to assist defendants."[41] He also argues the court has to evaluate Dr. Schwartz's work "with proof of the work she performed," by allowing I.E.'s parents to be there or by recording the evaluation.[42] Plaintiff includes unverified, unfavorable online reviews of Dr. Schwartz in his opposition. It goes without saying the court isn't inclined to view anonymous Internet comments with the same credibility as other documents submitted to the court. Nothing in the record supports the claim Dr. Schwartz is truly unqualified to perform the examination. As the court has already rejected that argument, it focuses on the third prong.

Plaintiff argues he and/or I.E.'s mother should be permitted to attend the entire evaluation. He has provided a declaration from Ms. Linford (who is, again, also I.E.'s grandmother), who represents it's standard practice for parents to be present with young

---

[39] *Id.* at 10-11.

[40] *Id.* at 11.

[41] ECF No. 29 at 8.

[42] *Rowan v. Sunflower Elec. Power Corp.*, No. 15-CV-9227-JWL-TJJ, 2016 WL 5109946, at *2 (D. Kan. Sept. 20, 2016).

10

children, at least for the initial session.[43] She asserts "the only reason for not allowing a parent in the room is if there is a suspicion of abuse, manipulation, or harm by the parent."[44] Plaintiff's current treating therapist, Teresa Paterson Bartch, has also submitted a declaration that "it is imperative to have a parent in the room due to the nature of the investigation,"[45] as it will help I.E. feel safer.

The fact that the examinee is an eight-year-old child is the salient point.[46] The *Hertenstein* court, denying a request for third-party presence, specifically noted the examinee wasn't a child and pointed out a third-party presence would rarely be warranted "*in the absence of a child* or similar dependent examinee."[47] Here, the court agrees the facts support the presence of an adult I.E. knows. Plaintiff contends he can and will remain silent during the process.[48] The court doesn't suggest the presence of a parent to be necessary out of fear that Dr. Schwartz will conduct the examination inappropriately. Rather, the sensitive nature of the allegations in the case, I.E.'s age, and the length of the examination lead the court to conclude a parent may attend the examination. The court

---

[43] ECF No. 29-1 at 1.

[44] *Id.*

[45] ECF No. 29 at 3-4.

[46] *C.F.B. by & through Baker*, 2018 WL 420030, at *1 (contrasting with the facts in *Hertenstein*, where the court specifically noted the examinee wasn't a child).

[47] *Id.*

[48] ECF No. 29 at 4.

finds the presence of one parent, not both, will be sufficient to assuage the concerns raised by plaintiff.

Relatedly, plaintiff argues the alleged assault shouldn't be brought up at all during the evaluation because it's not disputed by the parties.[49] But it likely will be, based on the briefing and the expected purpose of the evaluation. This is another reason to allow a parent to attend. That said, the court trusts Dr. Schwartz will use her professional discretion to decide the amount and manner in which to ask about the alleged assault, and defendants represent that it won't be a disproportionate part of the examination. The court grants plaintiff's condition and will permit one parent to attend.

Videotaping

For the same reasons as above, defendants oppose the recording of the examination. They argue it may invalidate or influence I.E.'s behavior, whether it will cause her discomfort or impair her rapport with Dr. Schwartz.[50] They cite Dr. Schwartz's ethical obligation to protect the security of the tests.[51] Dr. Schwartz hasn't ever agreed for an exam to be videotaped.[52] Rather, defendants propose Dr. Schwartz's "copious notes" will be sufficient record for I.E.'s legal counsel and parents.[53]

---

[49] *Id.* at 11.

[50] ECF No. 26 at 11.

[51] *Id.*

[52] *Id.*

[53] *Id.*

As with allowing a third party, plaintiff has the burden to show good cause.[54] The court has the discretion to evaluate the decision on a case-by-case basis.[55] Courts have been more inclined to grant videotaping in cases where the interview subject has cognitive or memory issues[56] or is a non-English speaker.[57] Here, plaintiff hasn't persuaded the court of any legitimate concerns, supported by credible evidence, that Dr. Schwartz is likely to act in an abusive manner.[58] Given that the court will permit a parent to attend, any concern about maintaining the record for counsel or I.E.'s parents should be alleviated. The court declines plaintiff's request to videotape the evaluation.

The court is sympathetic to what undoubtedly will be an emotional and stressful experience for both plaintiff and I.E., and the court understands plaintiff's desire to lessen any stress for I.E. For that reason, the court is inclined to allow the presence of a parent during the examination. But plaintiff hasn't shown the length of the examination is unreasonable or the examination should be recorded. The rules of this court do allow for

---

[54] *Hertenstein*, 189 F.R.D. at 628.

[55] ECF No. 29 at 8.

[56] *See, e.g.*, *Rowan v. Sunflower Elec. Power Corp.*, No. 15-CV-9227-JWL-TJJ, 2016 WL 5109946, at *2 (D. Kan. Sept. 20, 2016) (where the plaintiff had brain damage that caused memory, cognitive, and mood difficulties).

[57] *See, e.g.*, *Maldonado v. Union Pac. R. Co.*, No. 09-1187-EFM, 2011 WL 841432, at *3 (D. Kan. Mar. 8, 2011) (where the adult plaintiff had memory and cognitive issues, had a third-grade education, and was a non-English speaker).

[58] *Schumacher v. Hardwoods Specialty Prod., US, LP*, No. 18-4130-HLT-KGG, 2019 WL 3340624, at *4 (D. Kan. July 25, 2019) (comparing the decision not to allow recording with a situation where recording was allowed because the doctor had ignored prior court orders imposing conditions during examinations).

some amount of stress under these circumstances, given plaintiff's choice to bring this lawsuit against defendants. As defendants note, this is an adversarial process, and the Rule 35 examination is part of that. The court believes, on balance, these conditions are most fair to both parties.

IT IS THEREFORE ORDERED that defendants' motion (ECF No. 25) is granted in part and denied in part, in accordance with the above discussion. Because of the time needed to brief and rule on this motion, the proposed February 23 session has already passed. The examination shall go forward on March 9, March 23, and a third agreed-upon date.

IT IS SO ORDERED.

Dated February 25, 2021, at Kansas City, Kansas.

                                              s/ James P. O'Hara
                                              James P. O'Hara
                                              U.S. Magistrate Judge