IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SPENCER EDGIN, on behalf of his minor daughter, I.E.; <br><br> Plaintiff, <br><br> v. <br><br> THE BLUE VALLEY UNIFIED SCHOOL DISTRICT NO. 229; and <br><br> LYDIA MESSENGER. <br><br> Defendants. | Case No. 20-cv-2547-JPO |

## MEMORANDUM AND ORDER OF JUDGMENT

This matter comes before the Court on the parties' Joint Motion for Approval of Minor Settlement (ECF No. 100). The Court applied Kansas substantive law to evaluate the settlement agreement on minor I.E.'s behalf and held a hearing on the motion on September 20, 2021. For the reasons explained below, the court grants the joint motion to approve the settlement agreement on minor I.E.'s behalf.

**I.    Background**

Plaintiff Spencer Edgin originally filed this action in Kansas state court on behalf of his minor daughter, I.E., against Defendants Blue Valley U.S.D. 229 and teacher Lydia Messenger. Defendants removed the action to this court in November 2020 based on federal question jurisdiction. Plaintiff's state court petition, Doc. 1-1 (the Complaint), included claims asserted under Title IX of the Education Amendments Act of 1972, 42 U.S.C. § 1983, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, and state law negligence.

According to the Complaint, I.E. was a kindergarten student at Morse Elementary School ("Morse') in the Blue Valley School District (District) during the 2018–19 school year. *Id.* ¶¶ 7,

1

2. In November 2018, the District reported to I.E.'s parents that she had kissed a kindergarten boy at school. *Id*. ¶ 10. Plaintiff alleges he and I.E.'s mother met with the school on several occasions from January 2019 through April 2019 during which they discussed how I.E. was being treated by a classmate, including alleged bullying and kissing, and to come up with a plan to stop it. *Id*. ¶¶ 18, 19, 22, 25, 27. Plaintiff alleges on May 21, 2019, the boy sexually assaulted I.E.. *Id*. ¶¶ 35–36, 44–46. The substitute teacher at the time of the incident, Defendant Messenger, immediately took both students out of the classroom and brought the incident to the attention of the administration. *Id*. ¶¶ 47–48. The incident between I.E. and the boy was investigated and hotlined. *Id.* ¶ 65.

Plaintiff alleges that after these events, I.E. cried often, sucked her thumb, and shut down during difficult tasks or situations. *Id*. ¶ 64. Plaintiff alleges I.E. has been treated for PTSD and anxiety as a result of the interactions with the boy at Morse. *Id*. at ¶ 77.

On April 14, 2021, following a motion for partial judgment on the pleadings, the court dismissed all claims against Defendants except for the Title IX and negligence claims (Doc. 50). Thus, at present, only Title IX and negligence claims remain against the Defendants.

On September 14, 2021, the parties jointly filed a motion for approval of a minor settlement resolving all remaining claims against Defendants. The proposed settlement agreement, which has been provided to the Court, includes Plaintiff's and I.E.'s release of "any and all liability, actions, claims, demands or lawsuits" that I.E. or her parents "may have had or presently have in connection with or arising in any manner" from the subject matter of the suit.

**II.    Legal Standard**

The court predicts that the Tenth Circuit would direct the court to apply Kansas law when, as here, it exercises federal question jurisdiction over a case involving a settlement on a minor's behalf. *E.g. T.Y. as Next Friend of P.Y. v. Shawnee Mission Sch. Dist. USD 512*, No. 17-2589-DDC-GEB, 2020 WL 59649, at *1 (D. Kan. Jan. 6, 2020); *S.C. as Next Friend of A.J. v. Lansing*

*Unified Sch. Dist. #469*, No. 18-2228-DDC-JPO, 2019 WL 1762708, at *1 (D. Kan. Apr. 22, 2019); *Fulson v. NPC Quality Burgers, Inc.*, No. 18-2391-DDC-KGG, 2019 WL 1790051, at *1 (D. Kan. Apr. 24, 2019).

The court thus borrowed Kansas's rule that a court must conduct a hearing before approving a minor's settlement. *Adkins v. TFI Family Servs., Inc.*, No. 13-2579-DDC-GLR, 2017 WL 4338269, at *3–4 (D. Kan. Sept. 29, 2017). Kansas law requires courts "to exercise extensive oversight, ensuring that the minor plaintiff's claims are not sold short by an agreed settlement merely outlined at a 'friendly' hearing." *White v. Allied Mut. Ins. Co.*, 31 P.3d 328, 330 (Kan. Ct. App. 2001). Reviewing courts "'may not simply rely on the fact that the minor's parents have consented to the proposed agreement. Instead, the court must determine whether the agreement is in the minor's best interests.'" *Id.* (quoting *Baugh v. Baugh ex rel. Smith*, 973 P.2d 202, 205 (Kan. Ct. App. 1999)). For example, the Kansas Supreme Court upheld a state trial court's approval of a settlement on a minor's behalf because "it engaged in [a] full examination of [the] facts of [the] accident and [the] extent of [the] minor's injuries." *Id.* (citing *Perry v. Umberger*, 65 P.2d 280 (1937)).

**III.   Analysis**

Prior to the hearing, the court received and reviewed a copy of the settlement agreement between the parties and, at the September 20 hearing, the court heard testimony from Plaintiff Spencer Edgin. The court used the substantive portion of the hearing to "determine whether the [settlement] agreement is in the minor's best interests" as required by Kansas law. *T.Y.*, 2020 WL 59649, at *2 (citing *White*, 31 P.3d at 330).

The settlement agreement recognizes Spencer Edgin's claims for injury on I.E.'s behalf under theories of negligence and Title IX of the Education Amendments Act of 1972; states Defendants have denied and continue to deny any wrongdoing and deny that they have harmed

I.E. or violated I.E.'s rights under any federal, state, or local statute or law and further deny any liability in any respect whatsoever for monetary damages or otherwise; provides a manner for I.E. to avoid attending classes with the boy in the future whenever possible; and contemplates the dismissal of both Defendants with prejudice. The settlement agreement provides payment to Plaintiff that is broken down to cover out-of-pocket medical costs for I.E. that Plaintiff asserts arise from the allegations in the Complaint; future medical costs Plaintiff anticipates I.E. will incur before she reaches age 18 that Plaintiff asserts arise from the allegations set forth in the Complaint; attorney's fees and expenses that were incurred in the representation of Plaintiff in this lawsuit; and an annuity to be paid to I.E. when she reaches the age of majority in periodic payments.

At the hearing, counsel for both parties represented to the Court that the settlement was reached after a mediation and extensive negotiations with a mediator following the initial session. In addition, Mr. Edgin testified that he believes it is in I.E.'s best interests to resolve and dismiss with prejudice the claims asserted against the Defendants under the terms of the proposed settlement agreement. Because I.E. is only 8 years old, Mr. Edgin had not discussed the settlement with I.E.

Based on this assessment and conversation with legal counsel, Mr. Edgin testified that he and his wife decided settling Plaintiff's claims were in I.E.'s best interests. Mr. Edgin also testified he believed the settlement is fair and reasonable. He also testified he was fully advised of the attorney fees and costs and found them to be fair and as contemplated at the outset.  Mr. Edgin testified he believed the amount of settlement will adequately cover I.E.'s alleged out-of-pocket therapy costs to date as well as those costs through her age of majority and provides a reasonable annuity for I.E.'s alleged future needs. He also testified that he understood the meaning of Plaintiff's general release of all claims, as well as his obligation to indemnify and hold harmless

Defendants should I.E. initiate any kind of action against the Defendants relating to the subject matter of the Complaint when she reaches the age of majority

The court has carefully reviewed the pleadings in this case, the testimony of Plaintiff, and the terms of the proposed settlement agreement. The court concludes this settlement is in I.E.'s best interests and that the settlement agreement satisfies Kansas law governing approval of such agreements. The court thus grants the parties' Joint Motion for Approval of Minor Settlement and approves the agreement the parties have memorialized in the attachment to this order.

IT IS THEREFORE ORDERED BY THE COURT THAT the parties' Joint Motion for Approval of Minor Settlement (ECF No. 100) is granted.

IT IS FURTHER ORDERED BY THE COURT THAT Plaintiff Spencer Edgin is authorized to execute the Settlement Agreement on I.E.'s behalf.

IT IS FURTHER ORDERED BY THE COURT THAT Plaintiff Spencer Edgin shall deposit the portion of settlement proceeds allocated to I.E.'s future medical costs until she reaches the age of majority into a restricted account for the sole benefit of I.E.

IT IS FURTHER ORDERED BY THE COURT THAT Defendant Blue Valley U.S.D. 229 provide payment as identified in the Settlement Agreement within fourteen (14) days of entry of this Order.

IT IS FURTHER ORDERED BY THE COURT THAT Plaintiff Spencer Edgin is ordered to file a dismissal with prejudice of this action as specified in the Settlement Agreement within five (5) days of receipt of the payments to be paid to Spencer Edgin and DRZ Law, LLC, as identified in the Settlement Agreement.

IT IS SO ORDERED.

Dated September 20, 2021, at Kansas City, Kansas.

 s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge
